UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CLIFFORD SCHUETT,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>U.S. MARSHALS, *et al.*,<br><br>　　　　　Respondents. | Case No. 2:20-cv-00212-RFB-EJY<br><br>**ORDER** |

Clifford Schuett, a federal prisoner currently incarcerated at the Nevada Southern Detention Center in Pahrump, Nevada, initiated this action on January 30, 2020, by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1-1).

Schuett did not pay the filing fee for this action but filed an Application to Proceed *In Forma Pauperis*. (ECF No. 1). Schuett's application is not on the required form and is incomplete in that it does not include a certificate signed by a prison officer certifying the amount of funds in his institutional accounts. See D. Nev. Civ. R. LSR 1-1, 1-2. The Court will deny Schuett's *in forma pauperis* application and dismiss this action without prejudice, primarily for that reason.

1  Furthermore, Schuett's petition pursuant to 28 U.S.C. § 2241 is frivolous on its face. Schuett claims that he is serving a four-month prison sentence because his federal supervised release was revoked on the basis of false charges. (ECF No. 1-1).

"A motion under [28 U.S.C. § 2255] is generally the exclusive remedy for a federal prisoner who seeks to challenge the legality of confinement." Muth v. Fondren, 676 F.3d 815, 818 (9th Cir. 2012), cert. denied, 568 U.S. 894 (2012); Harrison v. Ollison, 519 F.3d 952, 955 (9th Cir. 2008). See also 28 U.S.C. § 2255(e). Generally, a federal prisoner may file a habeas petition under 28 U.S.C. § 2241 only to attack the "execution" of his sentence, not to attack its validity. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (citations omitted); Porter v. Adams, 244 F.3d 1006, 1007 (9th Cir. 2001).

The Court takes judicial notice of the proceedings governing Petitioner's conviction in case No. 2:14-cr-00364-JAD-GWF-1. On January 15, 2020, Schuett was sentenced to the term of incarceration he is currently serving. ECF No. 309, No. 2:14-cr-00364-JAD-GWF-1. Since he was sentenced, Schuett filed several *pro se* motions in that case (ECF Nos. 310, 313, 315, 317, 318 and 319), including at least two in which he claims that he is incarcerated based on false charges (ECF Nos. 315, 319), which were subsequently stricken. ECF No. 324, No. 2:14-cr-00364-JAD-GWF-1. Schuett makes no allegation that a motion under 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." See 28 U.S.C. § 2255(e). Therefore, a motion under 28 U.S.C. § 2255 is Schuett's exclusive remedy and the Court dismisses the action on this additional basis.

**IT IS THEREFORE ORDERED** that Petitioner's Application to Proceed in District Court Without Prepaying Fees or Costs (ECF No. 1) is **DENIED.**

///

**IT IS FURTHER ORDERED** that this action is dismissed without prejudice.

**IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter judgment accordingly.

DATED this 16th day of July, 2020.

_____
RICHARD F. BOULWARE, II,
UNITED STATES DISTRICT JUDGE